COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


ZINAIDA R. SOYFER

v.   Record No. 1879-95-2                    MEMORANDUM OPINION[*]
                                                PER CURIAM
ST. MARY'S HOSPITAL                          JANUARY 23, 1996
AND
PENNSYLVANIA MANUFACTURER'S ASSOCIATION
INSURANCE COMPANY


                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

           (David C. Jackson, on brief), for appellant.

           (Jennifer G. Marwitz; Sands, Anderson, Marks & Miller,
           on brief), for appellees.


       Zinaida R. Soyfer ("claimant") contends that the Workers'

Compensation Commission erred in finding that she failed to prove

a causal connection between her current condition (consisting of

reflex sympathetic dystrophy ("RSD") of the right upper

extremity, chronic right shoulder pain, and chronic right hand

pain) and her compensable September 28, 1993 injury by accident.

 Claimant also argues that the commission erred by not addressing

the issues of whether Dr. I. M. Averbuch's treatment constituted

emergency treatment and whether the failure of St. Mary's

Hospital ("employer") to provide claimant a panel of physicians

justified her seeking treatment from Dr. Averbuch.  Upon

reviewing the record and the briefs of the parties, we conclude

_____
       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proving causation, the commission's findings are binding and conclusive on appeal.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission held that claimant's evidence did not show that her September 28, 1993 compensable right shoulder injury caused her RSD and disability, if any, beginning September 14, 1994.  In so ruling, the commission found that Dr. Averbuch, who first diagnosed claimant as suffering from RSD in September 1994, did not opine whether this condition was caused by claimant's compensable right shoulder injury or her non-compensable right carpal tunnel syndrome.[1]  This finding is supported by the medical records and will not be disturbed on appeal.

Moreover, Dr. Whipple's medical records do not provide any evidence of a causal connection between claimant's current condition and her compensable right shoulder injury.  On March

---

[1] On February 3, 1994, Dr. Terry Whipple, claimant's initial treating physician, opined that he could not relate her right hand symptoms to her compensable right shoulder injury or the repetitive tasks she performed at work.  No evidence contradicted this opinion.

24, 1994, Dr. Whipple noted that claimant suffered from "right upper extremity pain, unknown etiology." He also noted that the report of Hand Management Specialists showed no evidence of reflex sympathetic dystrophy. On May 31, 1994, Dr. Whipple noted that claimant's shoulder was no longer uncomfortable and he released her to return to work, without restrictions, as of June 1, 1994.

Based upon this record, we cannot say as a matter of law that claimant met her burden of proving that her current condition and resulting disability, if any, are related to her compensable right shoulder injury. Because our ruling on the causation issue disposes of this appeal, we need not address the remaining two questions presented by claimant.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>